UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RAY GORDON,<br><br>          Plaintiff,<br><br>     v.<br><br>NNENNA IKEGBU,<br><br>          Defendant. | Case No.  2:21-cv-01898-DAD-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME AND DENYING PLAINTIFF'S MOTION TO RE-OPEN DISCOVERY<br><br>ECF Nos. 30 & 31 |

    Plaintiff has filed two motions: the first seeks an extension of time to file a response to defendant's motion for summary judgment, and the second seeks to re-open discovery. Good cause appearing, I will grant plaintiff's request for an extension. I will not, however, re-open discovery. Plaintiff is directed to file an opposition or statement of non-opposition to defendant's motion for summary judgment within thirty days of this order's entry.

    Plaintiff filed the operative complaint on October 13, 2021, ECF No. 1, and the court issued the discovery and scheduling order on January 4, 2023, ECF No. 25. The discovery and scheduling order established certain deadlines: All requests for discovery were to be served on or before April 14, 2023, and the deadline to complete all discovery, including filing motions to compel, was set at May 26, 2023. The dispositive motion deadline was September 1, 2023. Any request for an extension of a deadline set forth in the scheduling order was to be filed before the

1

1 relevant deadline and would be granted only upon a showing of good cause. The parties were
2 informed that any discovery disputes were to be addressed pursuant to the procedures set forth in
3 the scheduling order and the Federal Rules of Civil Procedure, including the requirement that the
4 parties meet and confer prior to the filing of any motion to compel. Since that order issued,
5 neither party has sought to modify the discovery and scheduling order.

6       On September 1, 2023, defendant filed a motion for summary judgment. ECF No. 19.
7 Plaintiff moved for an extension of time to file a response on September 18, 2023, and moved to
8 re-open discovery on September 21, 2023. ECF Nos. 30 & 31. In his motion to re-open
9 discovery, plaintiff argues that defendant's motion for summary judgment relies on a
10 memorandum that plaintiff posits is "newly presented/discovered" evidence.[1] *Id.* at 1. Plaintiff
11 admits that defense counsel showed him the memorandum during his deposition but contends that
12 he did not have adequate time to review the document. Plaintiff additionally argues that he was
13 unable to take defendant's deposition and that when he propounded discovery, "defense counsel
14 served boilerplate and misplaced objections."[2] *Id.* at 1-2. Plaintiff seeks to re-open discovery to
15 "narrow" the issue of deliberate indifference. *Id.* at 2.

16       Defendant argues that plaintiff's reasons for not completing discovery are insufficient,
17 since plaintiff has not explained why he needs additional time to seek discovery and has not
18 shown that he was diligent in seeking discovery. ECF No. 32. Defendant further contends that
19 plaintiff has failed to explain what discovery he seeks and why that discovery would be essential
20 to opposing a motion for summary judgment. Finally, defendant argues that he would be
21 prejudiced if the court re-opened discovery since he has already filed a motion for summary
22 judgment and would need to engage in additional discovery.

23       Typically, a scheduling order can be modified only "upon a showing of good cause."
24 *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and quotations
25 omitted); *see* Fed. R. Civ. P. 16(b). "The pretrial schedule may be modified if it cannot

---

[1] Plaintiff states that the memorandum is "exhibit B" in defendant's motion for summary judgment. That exhibit is a memo titled "COVID-19 Pandemic—Guidance Regarding Field Operations." ECF No. 29-2 at 31-35.

[2] Plaintiff does not explain why he was unable to take defendant's deposition.

2

reasonably be met despite the diligence of the party seeking the extension." *Zivkovic*, 302 F.3d at 1087 (citation and quotations omitted). "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Id.* (citation and quotations omitted). "When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery," a court must consider six factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

Here, there is no trial date, weighing in favor of reopening discovery, but defendant opposes plaintiff's request, which cuts the other way. Of the remaining factors, the majority cut in favor of not reopening discovery.

Plaintiff has not articulated why he was unable to obtain discovery within the time provided in the discovery and scheduling order. Plaintiff argues that defendant objected to his discovery requests, but since defendant served his responses on March 20, 2023, *see* ECF No. 32 at 3, plaintiff had over two months to file a motion to compel. He did not. Plaintiff also claims that he learned of Exhibit B at his May 18, 2023 deposition, *see* ECF No. 29-3 at 2, and, while that date was after all discovery requests were to be served, plaintiff did not seek to modify the scheduling order and propound further discovery. Additionally, given the amount of time the parties were given to conduct discovery, address discovery disputes, and file motions to compel, it was not foreseeable that additional discovery would be necessary after discovery closed without the filing of any motions to compel. Finally, plaintiff has not demonstrated that re-opening discovery would lead to further admissible evidence. Indeed, plaintiff takes issue with the fact that he did not have meaningful access to Exhibit B before defendant filed his motion for summary judgment. But he has it now, and he also has an additional thirty days to prepare and file his opposition or statement of non-opposition to defendant's motion.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for an extension of time, ECF No. 30, is granted.

2. Plaintiff's request to re-open discovery, ECF No. 31, is denied.

3. Plaintiff is directed to file an opposition or statement of non-opposition to defendant's motion for summary judgment within thirty days of this order's issuance.   '

IT IS SO ORDERED.


Dated:   November 7, 2023                           _____
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE

4