UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RAY GORDON,<br><br>          Plaintiff,<br><br>     v.<br><br>NNENNA IKEGBU,<br><br>          Defendant. | Case No. 2:21-cv-01898-DAD-JDP (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 29, 41, 47) |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 4, 2024, the assigned magistrate judge issued findings and recommendations recommending that defendant's motion for summary judgment (Doc. No. 29) be granted. (Doc. No. 41.) Specifically, the magistrate judge concluded that based upon the evidence before the court on summary judgment defendant did not display deliberate indifference to plaintiff's serious medical need because she lacked the requisite culpable state of mind and that even if her decision to deny a cortisone injection for plaintiff's shoulder did somehow violate the Eighth Amendment, she was entitled to qualified immunity. (*Id.* at 4–6.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 6–7.) After receiving two extensions of time in which to do so, on January 21, 2025, plaintiff

1

filed objection to the findings and recommendations along with a request for judicial notice. (Doc. Nos. 46, 47.) On February 3, 2025, defendant filed a response to plaintiff's objections. (Doc. No. 48.)

In his objections, plaintiff for the most part argues that defendant has engaged in a pattern of deliberate indifference to the medical needs of prisoners. (Doc. No. 46 at 2–5.) Plaintiff also appears to contend that there are disputed issues of material fact reflected in the evidence before the court on summary judgment, but fails to specifically identify any such disputed issues of material fact. (*Id.*) Thus, plaintiff's objections fail to present any basis upon which to reject the pending finding and recommendations.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections and defendant's response thereto, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations filed September 4, 2024 (Doc. No. 41), are ADOPTED in full;

2. Defendant's motion for summary judgment (Doc. No. 29), is GRANTED and judgment is entered in her favor; and

3. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:  **March 5, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff asks that the court take judicial notice of many published court decisions involving claims of deliberate indifference to the serious medical needs of prisoners brought against defendant who has served as the Chief Physician at the California Medical Facility (CMF). (Doc. No. 47.) "The court need not take judicial notice of a published . . . court opinion[s], as it relies on such authority routinely in deciding pending motions." *Armstead v. City of Los Angeles*, 66 F. Supp. 3d 1254, 1262 (C.D. Cal. 2014) (citing *Jones v. Curry*, No. 07-cv-01013-RMW-PR, 2008 WL 3550866, at *2 (N.D. Cal. Aug. 13, 2008)). Accordingly, plaintiff's request for judicial notice will be denied as unnecessary.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28